RECEIVED
USDC CLERK, CHARLESTON, SC

2006 OCT 31  P 2: 51

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome W. Rainey, #293814, | C. A. No. 2:06-2267-GRA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| NFN Ford, Lieutenant at Evans Correctional Institution; and NFN Powell, Sergeant at Evans Correctional Institution, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) or in the alternative, for summary judgment under Fed.R.Civ.P. 56. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

On August 11, 2006, the plaintiff, Jerome W. Rainey, sued Lt. Ford and Sgt. Powell, correction officers at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC) and alleged that he had been subjected to excessive force in violation of his Eighth Amendment right to be free of cruel and unusual punishment when the defendants struck him on August 15, 2005, causing serious injuries.

On September 25, 2006, the defendants filed their motion which contended that the court must dismiss the action without prejudice because plaintiff's grievance has yet to be resolved as required by the Prison Litigation Reform Act (PLRA). On September 27, 2006, the plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On October 2, 2006, the plaintiff filed a response in opposition to the defendants' motion and on October 4, 2006, he filed a summary judgment motion "on my grievance". Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Inasmuch as defendants have submitted evidence outside the record in support of their motions to dismiss, the court must

treat the motion as a motion for summary judgment, applying the standard provided in Fed.R.Civ.P. 56. See, Fed.R.Civ.P. 12(b).

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v.

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## **FACTS**

According to the complaint and plaintiff's grievance which plaintiff attached thereto, the defendants repeatedly struck and injured the plaintiff on August 15, 2005, at Evans Correctional Institution, where he was housed. On August 18, 2005, Plaintiff timely filed a Step 1 grievance about the alleged assault which was received by the Inmate Grievance Coordinator on August 30, 2005.

Following a review of the grievance, the SCDC notified the plaintiff on September 13, 2005, that his grievance would be forwarded to the SCDC's Central Office for review by the Division of Investigations. The plaintiff was advised at that time that the grievance was being held in abeyance pending a decision by the Division of Investigations. Apparently the grievance is simply in limbo there today. The Step 1 grievance has not

progressed beyond that point; no final agency determination has been made with regard to his grievance although over a year has passed. Although the plaintiff has received no indication when the agency determination might occur, the defendants seeks to stop the plaintiff from litigating his claim in federal court.

## PLRA EXHAUSTION LAW

The Prison Litigation Reform Act (PLRA) revised 42 U.S.C. § 1997e to require a plaintiff prisoner to exhaust administrative remedies as a prerequisite to a court's consideration of his or her claims in a § 1983 action. The statute reads in relevant part:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

The exhustion of administrative remedies requires that a prisoner litigant first process his or her claims through all of the institutional grievance procedures before bringing a suit in federal court. The supporting rationale behind the provision is that it provides prisoners a faster method of obtaining relief, and if the prisoner receives relief through this method, it minimizes litigation. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819 (2001)

(PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action.).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 984 (2002); Cf., Wilson v. Seiter, 501 U.S. 294, 299, n. 1, 111 S.Ct. 2321 (1991).

A plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be raised and pled by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The exhaustion requirement gives state prison officials an opportunity to correct their own mistakes before being hauled into federal court and creates a useful record for use in a subsequent judicial proceeding, should one still be warranted. Woodford v. Ngo, ____ U.S. ____, ____, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006). Because "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance," the grievant must comply with the critical procedural rules of the system. Id. at 2388.

Nonetheless, when a prisoner files a grievance and has not received a timely determination, the grievance may be considered exhausted under the PLRA. See, e.g., Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004)(following the lead of other circuits that have considered the issue, and concluding that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), cert. denied, 125 S.Ct. 1639 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(agreeing with other circuits that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), cert. denied, 526 U.S. 1133 (1999).

## **DISCUSSION**

A review of the record and relevant case law reveals that the plaintiff's and the defendants' motions should be denied.

Well over 180 days had elapsed between the time plaintiff filed his grievance on August 15, 2005, and August 11, 2006, when Plaintiff brought the instant suit. SCDC's own grievance policy mandates that under no circumstances will the grievance process exceed 180 days. SCDC itself has inhibited Plaintiff's ability to utilize the grievance procedure by failing to timely advance the prisoner's grievance and, therefore, rendered the grievance remedy unavailable within the meaning of the PLRA. The PLRA does not require the exhaustion of all administrative remedies, but only those that are "available" to the inmate. 42 U.S.C. § 1997e(a). To be "available" under the PLRA, a remedy must afford "the possibility of some relief for the action complained of." Booth v. Churner, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001).

Here, plaintiff has done all that he can do to exhaust available grievance procedures. Under these facts, remedies are simply not "available" to a prisoner where officials fail to respond to the grievance during time period required by their own regulations. See, e.g., Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001). As a result the PLRA's exhaustion requirement has been met and the suit should proceed.

On the other hand, the plaintiff's motion for summary

judgment should not be granted but rather the suit should be allowed to continue to the merits of the claim.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the plaintiff's and the defendants' summary judgment motions be denied.

                                       Respectfully Submitted,

                                       */s/ Robert S. Carr*

                                       Robert S. Carr
                                       United States Magistrate Judge

Charleston, South Carolina

October 31, 2006

Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402