IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome W. Rainey, #293814 ) | |
| ) | C/A No. 2:06-2267-GRA-RSC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NFN Ford, Lieutenant at Evans ) | |
| Correctional Institution; and NFN ) | |
| Powell, Sergeant at Evans ) | |
| Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(d), D.S.C., and filed October 31, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, alleging that he suffered serious injuries as a result of being struck by Defendants in violation of his Eighth Amendment right to freedom from cruel and unusual punishment. Defendants filed a motion to dismiss for failure to exhaust administrative remedies on September 25, 2006. Plaintiff filed a motion for summary judgment on Ocotber 4, 2006. The magistrate recommends denying both Defendant's motion to dismiss and Plaintiff's motion for summary judgment.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

1

Court is also charged with liberally construing pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). No objections to the Report and Recommendation have been filed.

The magistrate's Report and Recommendation was filed on October 31, 2006. At that time, the South Carolina Department of Corrections had not responded to Plaintiff's original grievance within the required 180-day time period. The magistrate ruled that Plaintiff had exhausted all of his grievance procedures because of the Department of Correction's failure to timely respond. *See* Report and Recommendation, pp. 7-8. However, after the magistrate issued the Report and

Recommendation, Plaintiff received a response from the Department of Corrections addressing his grievance. After receiving this response, Plaintiff indicated that he did not wish to appeal by checking the following response, "I accept the warden's decision and consider the matter closed."

Since Plaintiff chose not to appeal the findings of the Department of Corrections, this Court finds that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. "Only after completing both Steps in the SCDC grievance process may an inmate properly file an 'exhausted' section 1983 action in federal court." *Haggins v. South Carolina Dept. of Corrections*, No. 4:05-1212-HMH-TER, 2006 WL 2095727, at *3 (D.S.C. June 21, 2006). Therefore, Plaintiff's case could be dismissed for failure to exhaust his administrative remedies. However, since the circumstances of this case are so unusual, this Court finds the case should be DISMISSED as MOOT.

Plaintiff's claims have been favorably resolved at the state level, and there are no further issues to be resolved by this Court. Therefore, it is the holding of this Court that the response by the Department of Corrections to Plaintiff's grievance rendered this case MOOT. *See Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-247 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*,

1994 U.S.Dist. LEXIS® 12499, *8-*9, 1994 WESTLAW® 470568 (D.N.H., September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS® 17258 (D.N.H., November 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980).  Plaintiff's interest in the outcome of this case has subsided since he received a favorable response to his grievance by the Department of Corrections.  Plaintiff's decision to accept the Warden's response and not appeal offers further evidence that Plaintiff's complaints have sufficiently been resolved.  Therefore, this case is DISMISSED as MOOT.

After reviewing the Report and Recommendation and the circumstances in this case, this Court finds that the Report and Recommendation was based on the proper law, but is now rendered moot by the response, though untimely, from the Department of Corrections addressing Plaintiff's grievance.  Accordingly, the Report and Recommendation is vacated and this case is DISMISSED as MOOT.

IT IS THEREFORE ORDERED that this action be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December  5 , 2006.

4

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.